UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JOHNNY BROCK, ) | |
| ) | |
| Plaintiff, ) | Civil No. 08-231-ART |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **& ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the cross-motions for summary judgment filed by Plaintiff Johnny Brock, R. 10, and Defendant Michael Astrue, Commissioner of Social Security, R. 11. For the reasons given below, the Court will deny Plaintiff's Motion for Summary Judgment and grant Defendant's Motion for Summary Judgment.

**I.   BACKGROUND**

Brock filed an application for disability insurance benefits on May 18, 2006. Adm. R. at 108-114. Brock alleged a disability beginning May 9, 2006. *Id.* His claim was denied initially, and again on reconsideration.

Brock's claim stems from complaints of chronic back pain. The record reflects that in the fall of 2006, Dr. El-Kalliny diagnosed Brock with a herniated disk, recommended surgery, and on January 12, 2007, Brock underwent a "diskectomy" performed by Dr. William Brooks. Adm. R. at 51, 412-497 (Exhibit 24F). Dr. James Bean and Dr. Ronald Dubin both treated Brock following his surgery. *See* Adm. R. at 673-74 (Exhibit 57F); 557-570 (Exhibit 35F). In addition, Dr. Richard

Lingreen diagnosed Brock with "lumbar degenerative disc disease" and treated Brock from December 13, 2006 through September 12, 2007. Adm. R. at 604-610 (Exhibit 44F).

During the disability review process, two non-examining state agency physicians reviewed Brock's medical records and opined that Brock could perform a "range of light exertion." Adm. R. at 52, 321-328 (residual functional capacity assessment of Dr. Lange, dated September 13, 2006), 350-357 (residual functional capacity assessment of Dr. Gregg, dated November 21, 2006). In addition, on July 28, 2007, Brock underwent a consultative examination by Dr. Daniel Sean Stewart. Adm. R. at 540-49 (Exhibit 31F). He diagnosed asthma and degenerative disk disease. *Id.* at 542. He also opined that Brock had physical limitations that could preclude certain employment because of his chronic lower back pain. *Id.* at 544. He noted that it is unlikely Brock could lift or carry more than 15-20 pounds and he appeared to be limited in his ability to bend, stoop, crawl, and squat. *Id*.

At Brock's request, an administrative hearing was held before an Administrative Law Judge (ALJ) on September 21, 2007. Adm. R. at 1-37 (hearing transcript). At the time of the hearing Brock was thirty-four years of age. *Id.* at 34. Brock testified that he was previously employed as a short-haul truck driver, but that he stopped working because he had to have back surgery, and he complained of neck pain and foot and leg numbness. Adm. R. at 11, 22. He also testified that he was currently taking medication for asthma and complained of stomach ulcers. *Id.* at 28, 32

Vocational expert Jane Hall also appeared and testified at this hearing. *Id*. at 33-36. In response to the hypothetical question posed with the various restrictions described therein, she testified that there were a number of jobs that Brock could perform including inspector, cashier, or assembler. *Id.* at 35.

Thereafter, the ALJ denied Brock's claims on April 11, 2008. *See* Adm. R. at 45-55. The

ALJ concluded that from May 9, 2006, Brock was not disabled and thus was not eligible for disability insurance benefits. *Id.* at 48. The Appeals Council denied Brock's request for review of the ALJ's decision, *id.* at 38, at which point the ALJ's decision became the Commissioner of Social Security's final decision. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

## II.   SOCIAL SECURITY REVIEW PROCESS AND THE ALJ'S DECISION

A claimant can receive benefits only if he is deemed "disabled" under the Social Security Act. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (citing 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A)(1988)). "A claimant qualifies as disabled if [he] cannot, in light of [his] age, education, and work experience, 'engage in any other kind of substantial gainful work which exists in the national economy.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 42 U.S.C. § 423(d)(2)(A)).

To identify claimants who fit within this definition of disability, the Social Security Administration (SSA) uses a five-step "sequential evaluation process." 20 C.F.R § 404.1520(a)(4); *see Combs*, 459 F.3d at 642. Step one examines the work activity of the claimant to determine whether he is engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4). Step two is a determination of whether the claimant has a medically determinable "severe impairment" or combination of impairments that qualify as severe. *Id.* Step three determines whether the claimant's impairments meet the criteria set forth in the regulations to categorize an individual as "disabled." *Id*. The fourth step examines whether the claimant retains any "residual functional capacity" and whether the claimant can return to his past relevant work. *Id*. Finally, if the claimant is unable to return to any past relevant work, it must be determined whether he has the residual functioning capacity to do any other work. *Id.* The claimant bears the burden through the first four steps, but the

3

burden shifts to the SSA at the fifth step. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

In this case, the ALJ performed the requisite five-step process to evaluate Brock's claims. First, the ALJ found that Brock had not engaged in substantial gainful activity since May 9, 2006, the alleged onset date. *See* Adm. R. at 50. At step two, the ALJ determined that Brock had the following impairments: "residuals of lumbar laminectomy L4-5." *Id.* at 50. At step three, the ALJ concluded that this impairment did not meet or medically equal an impairment on the SSA's list of impairments. *Id.* at 52. At step four, the ALJ evaluated Brock's residual functional capacity and found that he could perform work with light exertion and mild physical limitations. *Id.* at 52-53. In evaluating Brock's residual functional capacity, the ALJ discounted Brock's subjective complaints of totally disabling pain because he did not find him credible. *Id*. at 53. The ALJ also specifically noted that he accepted the opinions of the two non-examining state agency physicians. *Id.* at 53. The ALJ then proceeded to the fifth and final step and determined that Brock was unable to perform any past relevant work, but "considering the claimant's age, education, work experience, and residual functional capacity" concluded that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 53-55. Therefore, the ALJ determined that Brock was not disabled. *Id.* at 55.

### III.  STANDARD OF REVIEW

Judicial review of the Commissioner's decision is restricted "to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(g); *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). Substantial evidence means "more

than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Cutlip*, 25 F.3d at 286).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). If the Commissioner's decision is supported by substantial evidence, this Court must affirm that decision even if there is substantial evidence in the record that supports an opposite conclusion. *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)). Further, when reviewing the Commissioner's decision, the Court cannot "try the case de novo, resolve conflicts in the evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citing *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001)).

### IV. ANALYSIS

Brock raises two challenges in support of his claim that the ALJ's decision should be reversed. First, he argues the ALJ improperly rejected his credibility and subjective complaints of pain. R. 10 at 5-7. Second, he argues the ALJ gave improper weight to the opinions of the two non-examining state agency physicians in violation of the Social Security Regulations. *Id.* at 7-9.

#### A. Brock's Credibility Assessment

Brock contends the ALJ improperly rejected his credibility in making his determination as to his residual functional capacity in step four of the analysis. R. 10 at 5. A claimant's subjective assessment of his symptoms is relevant to determining whether he suffers from a disability but is not conclusive evidence of a disability. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004) (citing *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). An ALJ's credibility

5

determinations are entitled to great deference "particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). The ALJ's assessment of a claimant's assertions of disabling pain is made in light of the factors set forth in 20 C.F.R. § 404.1529, including, among other factors listed, objective medical evidence, the claimant's statements, and other daily activities. Nevertheless, an ALJ's determination as to credibility must be supported by substantial evidence. *Walters*, 127 F.3d at 531. The claimant's credibility may be properly discounted "to a certain degree . . . where an [ALJ] finds contradictions among the medical reports, claimant's testimony, and other evidence." *Warner*, 375 F.3d at 392 (citing *Walters*, 127 F.3d at 531). The ALJ must explain his credibility determination. *Rogers*, 486 F.3d. at 248.

In this case, the ALJ stated that the objective medical evidence did not support Brock's subjective complaints of pain. Adm. R. at 53. In determining Brock's residual functional capacity, the ALJ opined as follows:

> The claimant's allegation of disabling leg pain is not persuasive. In August 2007, seven months after the alleged onset date, the claimant treated with Dr. Lindgreen for back complaints. There was no mention of leg pain at that time. (Exhibit 41F, page 3). In July 2007, six months after the alleged onset date, the claimant treated with Dr. Dubin for back pain. At that time he denied radicular pain in the legs. (Exhibit 35F, page 4). Further, the claimant described dull pain to consultative physician Stewart. This is not consistent with typical symptoms of radiculopathy (Exhibit 31F). At the consultative examination, the claimant used a cane but did not appear to need one. Based on the longitudinal record as outlined above, it appears the claimant exaggerates the extent of his leg pain. Moreover, the claimant had a Worker's Compensation claim that was not settled until June 2007 for $2,500, which also raises the issue of secondary gain.

*Id.* at 53. This determination was reasonable and supported by substantial evidence.

On March 19, 2007, two months following his back surgery, Dr. Bean treated Brock. *See*

6

Adm. R. at 673-74 (Exhibit 57F). Dr. Bean noted that Brock had "good relief from pain" and he was "ready for release for work." *Id.* at 674. He also opined that Brock could "lift a maximum of 75 lbs. and should avoid continuous repetitive bending or twisting if possible." *Id*. A few months later in July 2007, Dr. Dubin treated Brock for back pain at the Kentucky Orthopedic Clinic. *Id.* at 559-560. Dr. Dubin and the Clinic staff noted on two separate visits that Brock "did not have any radiating pain down his lower extremities" and "he still has some discomfort . . .but no persistent pain." *Id.* (Medical Records of Dr. Dubin and Amy Jones). An MRI scan performed was negative. *Id.* at 559. The Clinic additionally recommended physical therapy to ease some of the soreness and pain Brock complained of, however, Brock declined this treatment. *Id*.

Further, although Brock described persistent pain to consultative examiner Dr. Stewart, these allegations were contradicted by Stewart's findings. Brock informed Stewart that he experienced dull pain that prevented him from moving about significantly and interfered with his daily activities. Adm. R. at 541 (Exhibit 31F). Dr. Stewart ultimately concluded there were some physical limitations with regard to his disability assessment of Brock, however, he found "claimant was able to traverse on and off the examination table with ease" and the "[s]traight leg raise test were negative bilaterally for shooing [sic] pain down other extremity." *Id*. at 542-43.

The ALJ's determination that Brock did not need a cane is also supported by evidence in the record. Consultative examiner Dr. Stewart noted that "although the claimant has a cane he does not have to use it during the examination at this point." Adm. R. at 542 (Exhibit 31F). In addition, at the hearing before the ALJ, Brock testified that he acquired a cane prior to his back surgery. He confirmed that did not have a prescription for the cane and he informed the ALJ that his wife "just got it" for him. Adm. R. at 23. The ALJ, who was charged with determining the witness' credibility

7

and demeanor, *Walters*, 127 F.3d at 531, determined that although Brock used the cane, he did not appear to need one. Adm. R. at 53. Therefore, this Court defers to the ALJ's determinations because evaluations of pain, such as the use of the cane in this instance, are "peculiarly within the province of the ALJ." *See Villareal v. Sec'y of Health and Human Servs.*, 818 F.2d 461, 464 (6th Cir. 1987).

In addition, Brock's argument that the ALJ's statements are factually inaccurate is without merit. According to his application, Brock alleged a disability beginning May 9, 2006. Adm. R. at 108. As Brock points out, the ALJ improperly calculated the timing from the alleged onset date in his statements that claimant sought treatment from Dr. Lingreen "[i]n August 2007, seven months after the alleged onset date" and from Dr. Dubin "[i]n July 2007, six months after the alleged onset date," *Id.* at 53. However, these minor miscalculations in the number of actual months from the alleged onset date of May 2006 do not affect the substance of the ALJ's opinion–that he ultimately concluded Brock's subjective complaints of pain were not credible. Thus, substantial evidence in the record supports the ALJ's decision to discount Brock's subjective complaints of totally disabling pain. *See Walters*, 127 F.3d at 531.

      **B.**     **Weight of Non-Examining Testimony**

After discussing his reasons for rejecting Brock's subjective complaints of pain, the ALJ states, "I accept the opinions of state agency physicians who opined the claimant could perform a range of light exertion." Adm. R. At 53. According to Brock, the ALJ did not follow the Social Security Regulations because he relied on the opinions of the two non-examining state agency physicians who were not aware of the complete case record. R. 10 at 7-9. In support of his assertion, Brock argues the forms completed by the non-examining physicians "were dated September 13, 2006, and November 21, 2006, reflecting that the reviewing physicians were not

aware of the surgery and that they could not have seen either the opinion of Dr. Lindgreen or the MRI which was done in October 2007." R. 10 at 7. Brock's argument lacks merit for two reasons: (1) the case law he cites is not controlling in this instance, and (2) the ALJ appears to have adopted, at least in part, the opinion of at least one of Brock's treating physicians.

In making his argument that the ALJ improperly relied on the opinions of the two non-examining physicians, Brock cites the Sixth Circuit decision in *Fisk v. Astrue*, in support of his argument. *See Fisk v. Astrue*, 253 Fed. App'x 580, 584-86 (6th Cir. 2007) (finding ALJ erred in rejecting treating source testimony in favor of non-examining physician whose opinion was not based on a review of the complete case record). In that case, the Court explained the ALJ erred in rejecting the opinion evidence of the treating physician because he failed to consider "the nature and extent" of the claimant's treatment relationship with the treating physician, including "the kinds and extent of examinations and testing [that the treating physician] performed or ordered from specialists and independent laboratories." *Fisk*, 253 Fed. App'x at 585.

Contrary to Brock's argument, *Fisk* is not controlling in this instance. In *Fisk*, the ALJ expressly rejected the testimony of the claimant's treating physician. *Id.* That is not case here. Nowhere in the record does the ALJ indicate he is expressly adopting the opinions of the two non-examining physicians rather than the opinions of the treating physicians. Indeed, the opposite conclusion can be drawn from the record. The ALJ's findings in step four explain he rendered his decision "after careful consideration of the entire record" and that he considered the opinion evidence in accordance with the Regulations. Adm. R. at 52.

Specifically, the ALJ appears to have adopted the opinion of at least one of Brock's treating physicians, Dr. Bean, and the opinion of consultative examiner, Dr. Stewart. The ALJ determined

9

in his residual functional capacity assessment that Brock could perform light exertion with "no climbing of ladders, ropes and scaffolds; no crawling; no more than occasional stooping, bending, crouching, or climbing of ramps and stairs; no performance [of] over the shoulder motions with the upper extremities; no concentrated exposure to vibration; no concentrated exposure to pulmonary irritants." Adm. R. at 52. This opinion is consistent with the opinion of consultative examiner Dr. Stewart. As the ALJ points out, Dr. Stewart determined Brock did have some physical limitations but that he could lift up to 20 pounds occasionally, sit for 6 hours during an 8 hour day, stand for 4 hours during an 8 hour day and walk for 4 hours during an 8 hour day. Adm. R. at 648. In addition, Dr. Stewart stated Brock should never crawl or climb and only occasionally bend, squat, or lift above shoulder level. *Id.*

Further, in making his determination, the ALJ also pointed out that Dr. Bean, Brock's own treating physician, noted a "10% impairment . . .[r]estriction is probably unnecessary, but at this point he could lift a maximum of 75 lbs. and should avoid continuous repetitive bending or twisting if possible." *Id.* at 674. The ALJ even concluded "the treating physician's residual functional capacity is greater than that espoused by state agency physician Stewart." Adm. R. at 53. Thus, the record reflects that the ALJ did not solely rely on the opinions of the two non-examining physicians as Brock suggests. Rather, the ALJ adopted in part the opinions of two physicians who did examine Brock–his own treating physician Dr. Bean and consultative examiner Dr. Stewart.

Even assuming Brock is correct in his assertion that the two non-examining physicians may have been unaware of his surgery and the opinion of Dr. Lingreen, and thus did not consider the entire case record, this does not invalidate their opinions. Instead, the Regulations provide that the ALJ is charged with weighing all of the opinion medical evidence. *See* 20 C.F.R. § 404.1527.

Although the ultimate responsibility of reviewing the evidence and making findings of fact rests with the ALJ, 20 C.F.R. § 404.1527(f)(2), an opinion by a state agency physician based on a review of the evidence in the claimant's record is listed as a type of evidence relevant to the disability determination, *see* 20 C.F.R. § 404.1512(b)(6). The Regulations further provide that because of their high qualifications and social security expertise, an ALJ "*must* consider findings of State agency medical and psychological consultants . . . as opinion evidence." 20 C.F.R. § 404.1527(f)(2)(i) (emphasis added). It was required that the ALJ consider and weigh the opinions of the two non-examining physicians in determining Brock's residual functional capacity. Moreover, the ALJ ultimately had the responsibility in determining how much weight to accord those opinions. Therefore, the argument that the findings of the two non-examining state agency physicians cannot constitute substantial evidence is inconsistent with the regulatory framework.

After reviewing the record as a whole, the Court finds that the ALJ's decision that Brock is not disabled is supported by substantial evidence. *See Mullen v. Bowen*, 800 F.2d at 545. Therefore, the ALJ's decision must stand because the evidence reasonably supports his conclusion. *See Colvin v. Barnhart*, 475 F.3d at 730.

V.     CONCLUSION

For the reasons given above, it is **ORDERED** as follows:

(1)     Plaintiff's Motion for Summary Judgment, R. 10, is **DENIED.**

(2)     Defendant's Motion for Summary Judgment, R. 11, is **GRANTED**.

(3)     Judgment will be entered consistent with this Memorandum Opinion and Order.

This the 17th day of April, 2009.

Signed By:
*Amul R. Thapar* AT
United States District Judge